IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KEITH WESLEY EDWARDS,                )
                                     )
                    Petitioner,      )
                                     )
v.                                   )        Case No. CIV-26-00625-JD
                                     )
MERYDITH EASTER, et al.,             )
                                     )
                    Respondents.     )

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States

Magistrate Judge Amanda L. Maxfield. [Doc. No. 8]. For the reasons outlined below, the

Court accepts the Report and Recommendation.

## I.    ANALYSIS

Petitioner is a *pro se* state pre-trial detainee who filed a petition for habeas corpus

under 28 U.S.C. § 2241. [Doc. No. 1; *see also* Doc. No. 8 at 1 n.1]. He alleges he is being

improperly detained in connection with state court criminal proceedings and seeks a

release from custody. [*See* Doc. No. 1; *see also* Doc. No. 8 at 1 n.1].

Petitioner filed an Application for Leave to Proceed In Forma Pauperis. [Doc. No.

6]. The Court referred the matter to Judge Maxfield for initial proceedings consistent with

28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. The R. & R. found that Petitioner has

sufficient resources to pay the filing fee and recommended denying Petitioner's

Application. [Doc. No. 8 at 2]. The R. & R. further recommended that if Petitioner does

1

not pay the $5.00 filing fee in full to the Clerk of Court within 21 days of any order adopting the R. & R., then the habeas action should be dismissed without prejudice. [*Id.*].

The R. & R. advised Petitioner of his right to object by May 18, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 3]. Petitioner did not file a timely objection and instead filed an objection on June 5, 2026. [Doc. No. 9]. Petitioner mailed the objection on June 2, 2026. [Doc. No. 9-1 at 1].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Petitioner did not file an objection to the R. & R. by the deadline of May 18, 2026, and thus waived his right to challenge the recommended disposition. Nor did Petitioner seek an extension of time to file an objection. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object

2

to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Alternatively, even if the Court were to consider Petitioner's untimely objection, the Court finds that Judge Maxfield did not commit factual or legal errors in her recommendation that the Court deny his Application. An objection must be specific "to preserve an issue for de novo review by the district court or for appellate review." *2121 E. 30th St.*, 73 F.3d at 1060. In Petitioner's late-filed objection, he states that "[t]he fees are waived" and cites 28 U.S.C. § 1915. [Doc. No. 9 at 1]. The Court notes that certain provisions of § 1915 do not apply to § 2241 cases. The Tenth Circuit has held that "§ 2241 proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). However, § 1915(a)(1) still applies to § 2241 cases, thus Judge Maxfield appropriately analyzed Petitioner's Application under that section and concluded that, pursuant to Petitioner's statement of assets, he had not demonstrated an inability to pay. [Doc. No. 8 at 2]. *See, e.g.*, *Al-Pine v. Richerson*, 763 F. App'x 717, 721 & n.5 (10th Cir. 2019) (unpublished) (granting application to proceed in forma pauperis on appeal under § 1915(a)(1) in a § 2241 case). Petitioner also objects that the R. & R. "misplace[s] this action." [Doc. No. 9 at 1]. However, as the R. & R. correctly noted, Petitioner would have to file an amended petition if he sought to change the nature of his claims. [*See* Doc. No. 8 at 1 n.1]. Petitioner has not done so.

3

## II.    **CONCLUSION**

Accordingly, for the above reasons, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 8]. The Court, therefore, DENIES Petitioner's Application for Leave to Proceed In Forma Pauperis. [Doc. No. 6]. The Court will dismiss this action without prejudice to refiling if Petitioner does not pay the $5.00 filing fee in full to the Clerk of this Court within 21 days of this Order, or by **June 30, 2026**. *See* LCvR3.3(e).

IT IS SO ORDERED this 9th day of June 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4